OPINION
On July 8, 1998, appellant pled guilty to one count of Kidnapping and one count of Felonious Assault. He was sentenced to seven years incarceration for Kidnapping, and three years incarceration for Felonious Assault. The court ordered the two sentences run consecutively, without making findings to support the consecutive sentences.
Appellant assigns a single error:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED BY IMPOSING UPON DEFENDANT-APPELLANT CONSECUTIVE SENTENCES, WHICH ARE CONTRARY TO LAW, AS THE COURT FAILED TO COMPLY WITH THE APPROPRIATE STATUTORY REQUIREMENTS.
The State argues that pursuant to R.C. 2953.08(C), appellant was required to seek leave to appeal a consecutive sentence. However, that statute requires leave to appeal only where the Judge has imposed consecutive sentences, and the appellant alleges that the consecutive sentences exceed the maximum allowable prison term for the most serious offense for which the defendant was convicted. In the instant case, appellant does not claim the sentences exceed the maximum, but rather claims the court failed to make the requisite findings. Accordingly, we find that appellant was not required to seek leave to appeal.
The instant appeal does not squarely fall within any of the grounds for appeal found in R.C. 2953.08. This court has previously found that the "contrary to law" provision found in R.C. 2953.08(G)(1)(d) is not an expanded ground for appeal, and does not require that each and every sentence be subjected to review under the guidelines. State vs. Untied (March 5, 1998), Muskingum App. No. 97-18, unreported. In the instant case, appellant does specifically allege that the sentence is contrary to law, as the statutes require specific findings to be made before consecutive sentences shall be imposed. We agree, and find that appellant has the right to raise the claimed error on appeal.
R.C. 2929.19(E)(3) provides:
 (3) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger of the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct, adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B)(2)(c) further provides:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
. . .
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences.
These statutes explicitly require that the court state its reasons for imposing consecutive sentences. The court failed to do so in the instant case.
The Assignment of Error is sustained.
The judgment of the Licking County Common Pleas Court is reversed. This court is remanded to that court for resentencing.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Common Pleas Court is reversed. This court is remanded to that court for resentencing. Costs to appellee.